UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID A. SAWICKI, | ) | CASE NO. 1:07 CV 803 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF BRUNSWICK, OHIO, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On March 19, 2007, pro se plaintiff David A. Sawicki filed this action under 42 U.S.C. § 1983 against the City of Brunswick, Ohio, the Brunswick Police Department, former Brunswick Police Chief Dale Kozlik, Acting Brunswick Police Chief Carl DeForest, Brunswick Police Officer Jeffrey Jones, Brunswick Police Officer Robert Marok, Brunswick Police Sergeant Jon Page, Brunswick Police Officer Robert Safran, Brunswick Police Officer Clifford Smith, and Brunswick Police Officer Dale Schnell. In the complaint, plaintiff asserts he was subjected to the use of excessive force by police officers. He seeks $ 2,500,000.00.

Mr. Sawicki filed an Amended Complaint on April 17, 2007. It is clear from the wording of the Amended Complaint that Mr. Sawicki intended this pleading to supplement and not supercede the original complaint filed in this matter. The court will therefore liberally construe the amended complaint as a supplemental pleading and consider it along with the original complaint.

## *Background*

Mr. Sawicki states that on June 18, 2006, Brunswick police were called to his sister's home at 3:00 a.m. to investigate a complaint of domestic violence. It is not clear whether the victim was plaintiff's sister or another person present at her address, but it is apparent from the pleading that Mr. Sawicki was the alleged culprit. At the time of the telephone call to police, Mr. Sawicki was wanted on a warrant from Cuyahoga County for community control sanctions violations. He admits that when officers arrived on the scene, he escaped from the premises through a fence in the back yard. One of the officers saw Mr. Sawicki and began to chase him. Mr. Sawicki eluded capture and the K-9 unit was called in to assist in the search efforts. Even with this aid, the officers were still unable to find Mr. Sawicki.

While officers continued to attempt to locate Mr. Sawicki, Officer Smith remained behind to search the area surrounding the home. He located a baseball bat by the area in the fence through which Mr Sawicki had escaped. Mr. Sawicki claims he had given the bat to his nephew as a gift and that the bat was in the house on the night in question. He contends that "plaintiff surrendered said bat inside said residence therefore defendant Clifford Smith could not have found this bat in the rear of the apartments, by the back fence." (Am. Compl. at 8.) He claims that Officer Smith violated his constitutional rights by moving evidence.

An hour after he first eluded police, Mr. Sawicki returned to his sister's residence. Police were still on the scene. He entered the property through the back yard and approached the back door. Officer Jones, who had been in the front of the building, circled around to the back of the home and discovered Mr. Sawicki looking in a window near the back door.

At this point, Mr. Sawicki's original complaint and his amended pleading present

-2-

differing accounts. In the original complaint, Mr. Sawicki contends that Officer Jones pointed a gun at him and ordered him to "turn around and place your hands on top of your head and interlock your fingers." (Compl. at 4.) He indicates that he complied with the request and felt something shoot him in the back. He claims he was in great pain and called out to another officer for help. He states that the officer told him not to move because there were probes in his back which needed to be removed. He claims he doesn't remember being handcuffed. He asked if he could smoke a cigarette and was given permission to do so.

In the Amended Complaint, Mr. Sawicki cites passages from the police report concerning his arrest. In the report, the officer stated he drew his weapon and ordered Mr. Sawicki to get on the ground. Mr. Sawicki informed the officer that he was not armed but did not comply with the request. The officer then holstered his weapon and drew out his taser. He again requested that Mr. Sawicki get on the ground and advised him that he would be tasered if he did not comply. Mr. Sawicki asked what he had done and the officer advised him that he was under arrest. He was ordered once again to get on the ground. The officer contends that Mr. Sawicki then attempted to flee the scene for a second time. Officer Jones deployed his taser. The Officer stated that the probes struck Mr. Sawicki in the back and in the rib cage. Mr. Sawicki disputes that officer's recitation of the facts, but objects only to the descriptions of where the probes struck his body. He states that both probes hit him in the back, rather than in the back and in the ribs. Although he states that the report contains contradictions, he does not point them out or dispute any other facts set forth in the report. He uses the report to supplement his allegations in the original pleading concerning this encounter with Officer Jones. Mr. Sawicki was arrested and charged with domestic violence, resisting arrest, criminal damaging, criminal trespass, and obstructing official business.

-3-

Mr. Sawicki contends that Officer Jones used excessive force to apprehend him. He alleges:

> Plaintiff was approximately 15 to 18 feet from Officer Jones at the scene. According to the Ohio Peace Officer's Training Academy. the perimeter of a police officer is 21 feet. That is, an officer may upgrade his weapon once an individual is in this circumference. Officer Jones already had the gun drawn, then skips the use of force continuum step. and withdraws the taser. Hence violating the Brunswick Police Department's aggression response ala Use of Force revised (2002)... .

(Am. Compl. at 9-10.)

Mr. Sawicki states that after his arrest, he was taken to the Brunswick police station. He indicates that as he was being transported from one cell to another. Officer Safran "us[ed] excessive force by kicking plaintiff and smashing plaintiff's face against the hallway wall while still handcuffed." (Compl. at 5.) He contends that Sergeant Page held him against the wall. He further contends that Officer Jones witnessed the incident and did not take steps to stop the assault.

Mr. Sawicki alleges that after he was shackled in his cell by Officer Schnell. he was escorted by Officer Schnell to the police sallyport. He states that in addition to Officer Schnell, three other officers were present. He claims Officer Jones was at the rear of the police cruiser by the trunk. Sergeant Page was off to the left of the rear of the vehicle and Officer Saffron was at the driver's side door. He contends that Officer Jones moved in behind him, pulled his gun from its holster and pointed it at him telling him to "get in the vehicle before I shoot you again." (Compl. at 6.) He claims Officer Jones again used excessive force. He asserts that the other officers also violated his constitutional rights by not intervening on his behalf during this incident.

Mr. Sawicki claims that during his criminal trial. he requested a copy of the video

-4-

tape from the sallyport on the day that the assault took place.  He contends Officer Marok was responsible for obtaining a copy of the tape for him.  When the copy arrived at the jail in which Mr. Sawicki was incarcerated, he was permitted to view the tape.  He alleges that the tape did not show the assault.  Mr. Sawicki asserts that Officer Marok tampered with the evidence and erased part of the tape.[1]

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner. 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v. Williams. 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As an initial matter, the Brunswick Police Department is not a proper party to this action.  Police departments are not sui juris and cannot sue or be sued; see Nieves v. City of Cleveland, No. 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); Jones v. Ptl. D.

---

[1]     It appears that Mr. Sawicki was not convicted of the charges stemming from this incident.  The prosecutor filed a motion dismissing all charges on November 16, 2006, because Mr. Sawicki had already been returned to the Lorain Correctional Institution on the community control sanction violations from Cuyahoga County, Ohio.  See http://medinamunicipalcourt.org//index.php.

[2]     An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters. 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986): Harris v. Johnson. 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Marcum, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); Williams v. Dayton Police Dept., 680 F. Supp. 1075 (S.D. Ohio 1987): see also Messer v. Rohrer. No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31. 1997). They are merely sub-units of the municipalities they serve. Id. As Mr. Sawicki asserts the same claims against the City of Brunswick, Ohio, his claims against the Brunswick police department are subsumed by his claims against the city.

Plaintiff. however, fails to state a claim against the City of Brunswick. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement. ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Brunswick or its police department which may have resulted in the deprivation of a federally protected right of the plaintiff.

For similar reasons, Mr. Sawicki's claims against former Brunswick police chief Dale Kozlik and acting police chief Carl DeForest must be dismissed. Mr. Sawicki does not specify whether these defendants are sued in their official capacities or their individual capacities. Regardless of the capacity in which these defendants are sued. however. the plaintiff has not set forth a viable claim upon which they can be held liable to him.

-6-

An official capacity damages action against a municipal officer is the equivalent of a damages liability litigation targeted against the city itself. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). To the extent that Mr. Sawicki brings claims against Mr. Kozlik and Mr. DeForest in their official capacities, he asserts them against the City of Brunswick. For the reasons set forth above, his claims against the City of Brunswick fail to state a claim upon which relief may be granted.

To hold these defendants liable for damages in their individual capacity, the plaintiff must show that the defendants were each personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Mr. Sawicki does not allege any facts in the body of his complaint that suggest that these two defendants were personally involved in any of the activities of which he complains. Instead, he asserts that these defendants were "responsible for the hiring, training, supervision and/or control of the officers in the Brunswick Police Department." (Compl. at 1-2.) "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. Id. In order for liability to attach to either of these supervisors, Mr. Sawicki must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the situation. Id. Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors. Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). There are no

-7-

allegations in the complaint which reasonably suggest that Mr. Kozlik or Mr. DeForest encouraged, acquiesced in, or directly participated in the conduct described in the complaint.

Finally, plaintiff fails to state a claim against Officer Robert Marok. He claims that this officer altered the video surveillance tape of the sally port. He asserts that this action violated his "rights under 42 U.S.C. § 1983." In support of this claim, he indicates that criminal charges could be filed against the officer under Ohio Revised Code §§ 2921.12, 2913.42, 2913.32, 2921.45, and 2921.32. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Mr. Sawicki fails to assert a violation of the United States Constitution or laws of the United States. Violations of Ohio criminal law do not provide this court with subject matter jurisdiction over the claims.

Furthermore, there are no allegations in either pleading which reasonably indicate which right under the United States Constitution Mr. Sawicki believes to have been violated by this officer. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton. 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc.. 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett. 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff. ... [and] would...transform

-8-

the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, the plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising him and the defenses he might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action against Officer Marok.

## *Conclusion*

Accordingly, plaintiff's claims against the City of Brunswick, the Brunswick Police Department, Dale Kozlik, Carl DeForest and Robert Marok are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3] This case shall proceed solely on plaintiff's claims for use of excessive force against Jeffrey Jones, Jon Page, Robert Safron, Clifford Smith, and Dale Schnell. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

**FILED**

JUL - 5 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLE:CLASD

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[3]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-9-