# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID A. SAWICKI, ) | |
| ) | CASE NO. 1:07CV803 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | |
| SGT. JON PAGE, et al., ) | |
| ) | **NOTICE OF HEARING** |
| Defendant(s). ) | **AND ORDER** |

**TAKE NOTICE** this matter is scheduled for a **TELEPHONE CASE MANAGEMENT CONFERENCE** before the **Honorable Christopher A. Boyko, United States District Judge**, on **FRIDAY, SEPTEMBER 21, 2007 AT 11:00 a.m.**

Plaintiff is a prisoner housed at the Lake Erie Correctional Institution, P.O. Box 8000, Conneaut, OH, 44030, (440) 599-5000. Rich Gansheimer is the Warden.

Counsel for Defendants and Clients shall appear **in person** at U.S. District Court, Chambers 15B, 801 W. Superior Avenue, Cleveland, OH 44113.

The Court will initiate the telephone Case Management Conference call to Lake Erie Correctional Institution.

**IT IS ORDERED** that Warden Gansheimer will provide this Court with the telephone number where Plaintiff will be contacted for the conference as soon as possible. Further, Warden Gansheimer will make reasonable accommodations that will

assure plaintiff's participation in the Telephone Case Management Conference.

Parties shall follow the Court's Case Management Conference Scheduling Order which is filed electronically with this Notice and Order. A hard copy of same will be forwarded to Plaintiff via regular mail.

The Clerk shall fax this Notice and Order to the attention of Rich Gansheimer, Warden, Lake Erie Correctional Institution at (440) 593-4536.

IT IS SO ORDERED.

*Christopher A Boyko*
Christopher A Boyko
United States District Judge

September 10, 2007

FILED
SEP 10 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. SAWICKI, | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | CASE NO. 1:07CV803 |
| | ) | |
| SGT. JON PAGE, et al., | ) | |
| Defendant. | ) | NOTICE OF CASE MANAGEMENT |
| | ) | CONFERENCE |
| | ) | |

All counsel and /or parties will take notice that the above entitled action has been set for a **Telephone Case Management Conference (CMC) on FRIDAY, SEPTEMBER 21, 2007 at 11:00 a.m.** before **Judge Christopher A. Boyko. United States District Court Local Rule 16.1 will apply to this case. LEAD COUNSEL FOR DEFENDANTS AND ALL PARTIES MUST BE PRESENT IN PERSON.** If the presence of lead counsel and parties will constitute an undue hardship, a written motion to excuse the presence of such person must be filed no later than seven (7) days prior to the CMC or the motion will not be considered.

This case is subject to the provisions of Differentiated Case Management (DCM) as set forth in the Local Rules of the Northern District of Ohio. This Court will evaluate this case in accordance with the LR 16.2(a)(1) and assign it to one of the case management tracks. Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and time lines governing discovery practice, motion practice and trial.

Except in government collection cases and actions by unrepresented prisoners,

the parties shall meet prior to the CMC to discuss the case and prepare a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f). The parties shall, at or within 10 days after the meeting and without awaiting a discovery request, provide the basic information to the other parties specified by Fed. R. Civ. P. 26(a)(1) (initial disclosures). Fed. R. Civ. P. 26(a)(2) (disclosure of expert testimony) and Fed. R. Civ. P. 26(a)(3) (pretrial disclosures) shall also apply in this case. A Report of Parties' Planning Meeting under Fed. R. Civ. P. 26(f) and Local Rule 16.3 (b), (parties may use attached form) shall be filed with the Court at least three working days before the CMC. Pursuant to Fed. R. Civ. P. 26(d), except as authorized by Local Rule 26.2, a party may not seek formal discovery from any source before the parties have met and conferred. Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, answers and responses thereto shall not be filed with the Clerk's office, except that discovery materials may be filed as evidence in support of a motion or for use at trial. Certain claims allow for, or entitle, prevailing parties to collect attorney fees from the other party. If this case contains such a claim, each party must bring to the Case Management Conference a preliminary estimate and/or budget of the anticipated amount of fees and expenses.

    Lead counsel of record shall provide a copy of this report to his or her client prior to the CMC. These reports will be exchanged at the CMC. Plaintiff(s) shall provide defendant(s) with a written demand to include a description and monetary breakdown of the damages claimed no later than one week prior to the date of the Status Conference. Defendant(s) shall respond with an offer no later than the date of the Status Conference.

    It is the responsibility of counsel for the plaintiff(s) to verify that a copy of this Order has been received by counsel for defendant(s) or, if no counsel has entered an appearance for defendant(s), has been received by defendant(s).

Please note, effective January 1, 2006, ALL attorneys who practice before this Court are REQUIRED to file electronically pursuant to Local Civil Rule 5.1(c).

IT IS SO ORDERED.

/s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

DATE: September 10, 2007

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| , ) | CASE NO. |
| ) | |
| Plaintiff(s), ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | |
| ) | |
| , ) | |
| Defendant(s). ) | REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(f) AND L.R. 16.3(b) |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on

_____, 20\_\_\_, and was attended by:

_____counsel for plaintiff(s) _____

_____counsel for plaintiff(s)_____

_____counsel for defendant(s)_____

_____counsel for defendant(s)_____

2. The parties:

\_\_\_\_ have exchanged the pre-discovery disclosures required by Rule26(a)(1) and the Court's prior order;

\_\_\_\_ will exchange such disclosures by_____, 20\_\_\_;

\_\_\_\_ have not been required to make initial disclosures.

3. The parties recommend the following track:

___ Expedited ___ Standard ___ Complex ___ Administrative ___ Mass Tort

4. Pursuant to Local Rule 5.1(c) all documents must be electronically filed absent a showing of good cause.

5. This case **is** suitable for one or more of the following Alternative Dispute Resolution (ADR) mechanisms:

_____ Early Neutral Evaluation _____ Mediation _____ Arbitration.

_____ Case **is not** suitable for ADR at this time but may be after discovery.

_____ Case **is not** suitable for ADR at any time.

6. The parties ____ do/ ____ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7. Recommended Discovery Plan:

(a) Describe the subjects, nature and extent of discovery

_____
_____
_____

(b) Non-Expert discovery cut-off date:_____

(c) Plaintiff's expert report due date: _____

(d) Defendant's expert report due date: _____

(e) Expert discovery cut-off date: _____

8. Recommended cut-off date for amending the pleadings and/or adding additional parties: _____

9. Recommended dispositive motion date: _____

10. Recommended date for a Status Hearing/Settlement Conference:

_____

11. Other matters for the attention of the Court:_____

_____
_____

_____
Attorney for Plaintiff(s)_____

_____
Attorney for Plaintiff(s)_____

_____
Attorney for Defendant(s)_____

_____
Attorney for Defendant(s)_____