UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAVID A. SAWICKI,** ) | CASE NO.  1:07CV803 |
| ) | |
| **Plaintiff,** ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **CITY OF BRUNSWICK POLICE** ) | |
| **DEPARTMENT, et al.,** ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Report and Recommendation (ECF DKT #56) of the Magistrate Judge, recommending Defendants' Motion for Summary Judgment (ECF DKT #34) be granted in part and denied in part, and Plaintiff's Cross-Motion (ECF DKT #40) for Summary Judgment be denied.  For the reasons that follow, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**I. FACTUAL BACKGROUND**

At 3:00 a.m. on June 18, 2006, Brunswick police were called to the home of the sister of Plaintiff David A. Sawicki ("Plaintiff") to investigate a complaint of domestic violence against Plaintiff.  At the time of the telephone call to police, Plaintiff was wanted on a warrant

from Cuyahoga County for community control sanctions violations.  When the police officers arrived on the scene, Plaintiff escaped from the premises through a fence in the back yard.  The officers began to chase Plaintiff, but were unable to locate him.

While the officers searched for Plaintiff, Brunswick Police Officer Clifford Smith remained behind to search the area surrounding the house.  Officer Smith located a baseball bat by the area in the fence through which Plaintiff escaped.  Plaintiff argued he had given the bat to his nephew as a gift and that the bat was in the house on the night in question.  Plaintiff alleged that Officer Smith moved the evidence in violation of Plaintiff's constitutional rights.

About an hour after his escape, Plaintiff returned to his sister's residence, where police were still on the scene.  Brunswick Police Officer Jeffrey Jones, who had been in the front of the building, circled around to the back of the home and discovered Plaintiff looking in a window near the back door.  Although Plaintiff presented differing accounts of what happened next, he was eventually tasered by Officer Jones, arrested, and charged with domestic violence, resisting arrest, criminal damaging, criminal trespass, and obstructing official business.  Plaintiff alleged that Officer Jones used excessive force to apprehend him.

After arrest, Plaintiff was taken to the Brunswick police station.  Plaintiff claimed that as he was being transported from one cell to another, Brunswick Police Officer Robert Safran used excessive force by "kicking plaintiff and smashing plaintiff's face against the hallway wall while still handcuffed."  Plaintiff alleged Brunswick Police Sergeant Jon Page held him against the wall and Officer Jones witnessed the incident and did not intervene.

Plaintiff further claimed that he was escorted by Brunswick Police Officer Dale Schnell to the police sally port where Officer Jones allegedly pointed his gun at Plaintiff,

telling him to "get in the vehicle before I shoot you again." Plaintiff claimed Officer Jones again used excessive force and the other officers failed to intervene on his behalf during the incident.

During his criminal trial, Plaintiff requested a copy of the surveillance video tape from the sally port on the day the alleged assault took place. Plaintiff claimed the tape did not show the assault and asserted that Brunswick Police Officer Robert Marok tampered with the evidence and erased part of the tape.

On March 19, 2007, Plaintiff, *pro se*, filed suit under 42 U.S.C. § 1983 against the City of Brunswick, Ohio, the Brunswick Police Department, former Brunswick Police Chief Dale Kozlik, acting Brunswick Police Chief Carl DeForest, and Brunswick Police Officers Jeffrey Jones, Robert Marok, Jon Page, Robert Safran, Clifford Smith, and Dale Schnell. Plaintiff claimed he was subjected to excessive force during his arrest and subsequently jailed by the Defendant police officers. Plaintiff alleged other constitutional violations by the officers as well, including failure to prevent the alleged assaults by Officers Jones and Safran, denial of medical treatment while in custody, and tampering with evidence.

The Court dismissed the claims against the City of Brunswick, the Brunswick Police Department, former Police Chief Dale Kozlik, acting Police Chief Carl DeForest, and Officer Robert Marok. The remaining individual defendants, Officers Jones, Page, Safran, Smith and Schnell, filed a Motion for Summary Judgment based on the doctrine of qualified immunity. Plaintiff filed a Cross-Motion for Summary Judgment and an Opposition to the Defendants' Motion. On August 14, 2008, the Magistrate Judge entered a Report and Recommendation, granting Defendants' Motion as to Officers Jones, Page, Smith and Schnell, but denying the

Motion for Summary Judgement as to Officer Safran.  Finding Plaintiff had failed to carry his burden to present evidence that would entitle him to a directed verdict, the Magistrate Judge denied Plaintiff's Motion for Summary Judgment.

Defendants object to the Magistrate's recommendation that summary judgment on the basis of qualified immunity be denied as to Officer Safran.  Defendants argue Plaintiff was a threat to the officers; and therefore, Officer Safran's use of force was objectively reasonable.  Because the use of force was reasonable, Defendants assert Officer Safran is entitled to the defense of qualified immunity, and therefore, summary judgment should be granted to Officer Safran as well.

After Defendants filed their Objections to the Report and Recommendation, Plaintiff filed a number of documents, including an "Opposition" to "Defendants' Objections to Report/Recommendation on Summary Judgment Motion," a correction to Plaintiff's Opposition, and a document titled "Plaintiff's Designated Specific Facts Showing Genuine Facts for Trial."  Although none of Plaintiff's documents are specifically described as "objections," they presumably fulfill the purpose of objecting to the Report and Recommendation and therefore, will be treated as objections.

Plaintiff does not address the Magistrate Judge's denial of Plaintiff's Motion for Summary Judgment; rather, Plaintiff focuses on demonstrating that there are genuine facts for trial that would preclude an award of summary judgment in favor of all the Defendant Officers.  Plaintiff reiterates a number of previously made claims, including use of excessive force by the officers in the hallway and sally port of the police station, violation by the officers who observed and failed to intervene during the use of excessive force, and tampering

with evidence. Plaintiff also argues that the officers used excessive force in handcuffing Plaintiff's wrists too tightly.

## II. LAW AND ANALYSIS

### Summary Judgment

Summary judgment is appropriate when "there is no genuine issue as to any material fact," and therefore, "the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant has the initial burden of showing "the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Once the movant "brings forward and supports his motion for summary judgment, his opponent may not rest merely upon his pleadings but rather must come forward to show genuine issues of fact. Mere conclusory and unsupported allegations, rooted in speculation, do not meet that burden." *Bryant v. Kentucky*, 490 F.2d 1273, 1275 (6th Cir. 1974).

### Claims under 42 U.S.C. § 1983

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

42 U.S.C. § 1983. To prove a claim under Section 1983, a plaintiff must demonstrate "that he was deprived of a right secured by the Constitution or laws of the United States, and that he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

**Qualified Immunity Doctrine**

The doctrine of qualified immunity is "available to government officials performing discretionary functions." *Painter v. Robertson*, 185 F.3d 557, 566 (6th Cir. 1999). The doctrine provides "immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S.194, 200-201. Because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," the issue should be addressed "early in the proceedings." *Id.*

In determining whether qualified immunity is available, a court must make an initial inquiry of whether, "[t]aken in the light most favorable to the party asserting the injury," the "facts alleged show the officer's conduct violated a constitutional right." *Id.* at 201. If no constitutional right has been violated, there is no need for the court to inquire further, as the officer will be entitled to immunity. *Id.*

If, however, the facts could show a constitutional violation, the court must then determine whether the right was clearly established at the time of the officer's conduct. *Id.* A government official will be entitled to immunity from suit as long as his conduct does not violate "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Painter, supra,* at 567. Any action which is "objectively reasonable" in light of the "clearly established law at the time of the conduct at issue" will be protected by qualified immunity. *Id.* "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier, supra*, at 202.

The individuals raising qualified immunity bear the initial burden of coming forward

with facts "to suggest that they were acting within the scope of their discretionary authority." *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992). Thereafter, the burden shifts to the plaintiff to show "that the defendants' conduct violated a right so clearly established that any official in defendants' positions would have clearly understood that they were under an affirmative duty to refrain from such conduct." *Id.*

Summary judgment based on qualified immunity is not appropriate if there is a factual dispute or genuine issue of material fact "involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights." *Id.* Furthermore, summary judgment should be denied "if the undisputed facts show that the defendant's conduct did indeed violate clearly established rights." *Id.*

**Alleged Constitutional Violations by Officers**

**Excessive Force: Officer Safran**

The Magistrate Judge found Plaintiff's allegation that he was handcuffed and no threat to the officers while Officer Safran kicked him and "smashed" his face against the wall would constitute an unprivileged battery, if true. As a result, the Magistrate found that when analyzed "in a light most favorable" to the party asserting injury, Plaintiff's allegation of excessive force by Officer Safran demonstrated a constitutional violation. The Magistrate Judge explained the right to be free from an unprivileged battery while handcuffed and no threat to an officer was "clearly established;" and it would be clear to a reasonable officer that such conduct is unlawful. Thus, the Magistrate Judge held Officer Safran was not entitled to qualified immunity.

Defendants argue that, although the alleged facts must be analyzed "in a light most favorable" to Plaintiff, Plaintiff's claim of excessive force by Officer Safran need not be evaluated "in a void." Objecting to the Magistrate's Report and Recommendation, Defendants claim Plaintiff was "extremely combative" while the officers were attempting to transfer him to a different cell. Defendants argue Plaintiff's claim that he was handcuffed and no threat to officers in the jail hallway, even taken in a light most favorable to Plaintiff, is contradicted by other evidence. Defendants claim Plaintiff was "shouting and swearing at the officers in the police station" and "slamming himself against the cell door prior to his transfer to the other cell." Despite the handcuffs, Defendants claim Plaintiff "was a threat by virtue of being combative, aggressive and highly intoxicated." Defendants argue because Plaintiff was a threat to the officers during his transfer into a new cell, Officer Safran's use of force was objectively reasonable; and as a result, he is entitled to summary judgment on the basis of qualified immunity.

Plaintiff, on the other hand, repeatedly argues he was not a threat to the officers during the transfer because he was handcuffed and "not fleeing, not struggling, but compliant." Plaintiff suggests since he was not a threat to the officers, Officer Safran's use of force was not objectively reasonable, and therefore, Officer Safran is not entitled to summary judgment on the basis of qualified immunity.

Claims of excessive force are analyzed under the Fourth Amendment's "objective reasonableness" standard, which requires an assessment of "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting

arrest or attempting to evade arrest." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). Certainly, when an officer smashes the face of and kicks a prisoner who is not resisting and does not pose a threat to the safety of the officers, an unprivileged battery has occurred. In such circumstances, the unprivileged battery constitutes a constitutional violation, the establishment of which a reasonable officer would be aware. However, if the prisoner does in fact pose a threat to the safety of others, then the officer's use of force may be objectively reasonable, thus entitling the officer to qualified immunity.

As previously mentioned, summary judgment based on qualified immunity is not appropriate if there is a factual dispute or genuine issue of material fact "involving an issue on which the question of immunity turns." *Rich, supra*, at 1095. In this situation, there is a clear factual dispute regarding whether Plaintiff was a threat to the officers at the time he was transferred to the new cell. Since the issue of whether Plaintiff was a threat to the officers at the time of transfer determines whether Officer Safran's use of force was objectively reasonable, summary judgment on the basis of qualified immunity is denied as to Officer Safran.

**Excessive Force: Officer Jones**

In addressing Plaintiff's claim of excessive force by Officer Jones in allegedly pointing his weapon at Plaintiff's head while Plaintiff was restrained and standing outside the police vehicle, the Magistrate Judge stated "threats alone are distinct from 'an actual infringement of a constitutional right.'" Finding that even threats that place a plaintiff in fear for his life are not actionable under Section 1983, the Magistrate Judge held Plaintiff had not established that his allegations constitute a constitutional violation. As a result, the

Magistrate Judge held Officer Jones was entitled to qualified immunity in regard to Plaintiff's allegation of excessive force in the police station sally port.

In objecting to the Magistrate Judge's holding, Plaintiff reiterates his claim that Officer Jones exerted excessive force on Plaintiff in the police station sally port by pointing his weapon at Plaintiff's head "for no justifiable reason but to intimidate the Plaintiff." However, as correctly explained by the Magistrate Judge, intimidating threats alone do not form a constitutional violation. *See Macko v. Byron,* 760 F.2d 95, 97 (6th Cir. 1985); *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989). Because Plaintiff failed to provide any additional evidence to suggest that the alleged threat by Officer Jones did, in fact, rise to the level of a constitutional violation, Officer Jones is entitled to qualified immunity.

### **Failure to Intervene**

The Magistrate Judge also addressed whether Plaintiff's allegations of failure to intervene by the other officers during the alleged inflictions of excessive force were sufficient to show a constitutional violation. The Magistrate Judge explained that whether a constitutional violation occurs as the result of the officers' failure to act "hinges on whether [they] had the opportunity and means to prevent the alleged use of excessive force." As articulated by the Magistrate Judge, if the officers "observed or had reason to know that excessive force would be or was being used," and the officers "had both the opportunity and the means to prevent the harm from occurring," they may be held liable for failing to protect the prisoner from the use of excessive force. The Magistrate Judge stated Plaintiff "must show that the officers 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" Instead, the officers must have encouraged or

-10-

condoned the use of excessive force. Finding Plaintiff's allegations at most suggested the officers played a passive role in the alleged use of excessive force, the Magistrate Judge held Plaintiff did not demonstrate a constitutional violation. Therefore, the observing officers are entitled to qualified immunity.

Although Plaintiff objects to the Magistrate Judge's finding, by again, raising his claim that the observing officers failed to intervene in violation of his constitutional rights, Plaintiff does not show the officers "did more than play a passive role" in what was going on. *See Michaels v. City of Vermillion,* 539 F.Supp. 2d 975, 987 (N.D. Ohio 2008). Plaintiff merely states the officers failed to assist and protect Plaintiff. Plaintiff does not demonstrate approval by the observing officers, nor does he suggest the officers otherwise encouraged or condoned the alleged force. *See id.* Consequently, Officers Page, Jones, Safran, and Schnell are entitled to qualified immunity with regard to Plaintiff's claim of failure to intervene during the alleged instances of excessive force.

### Tampering with Evidence: Sally Port Surveillance Video Tape

In his original Complaint, Plaintiff alleged that Brunswick Police Officer Robert Marok altered the surveillance video tape of the police station sally port to delete the portion of the video which would have shown the alleged infliction of excessive force on Plaintiff by Officer Jones. The Court rejected Plaintiff's claim against Officer Marok, finding Plaintiff failed to assert a constitutional violation; and as a result, dismissed Officer Marok from the lawsuit. In his objections to the Report and Recommendation, Plaintiff again raises the claim that the original video tape of the police sally port was altered.

Plaintiff is clearly attempting to set forth an argument of tampering with evidence in

-11-

violation of his constitutional rights. Despite the dismissal of Officer Marok from the lawsuit, Plaintiff continues to allege alteration of the original surveillance video. However, even if tampering with evidence by an officer constitutes a constitutional violation under Section 1983, Plaintiff fails to describe specific involvement in the tampering by any of the remaining defendant officers. Plaintiff fails to set forth any conduct by the officers related to the alleged deletion of portions of the video tape; and therefore, has failed to sufficiently allege the claim. And while *pro se* pleadings are to be liberally construed, even *pro se* plaintiffs "must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States." As a result, the Magistrate Judge was correct in finding Plaintiff had failed to state a claim with regard to the alleged alteration of the surveillance video tape of the sally port. Because Plaintiff has failed to set forth a constitutional violation, the Defendant Officers are entitled to qualified immunity with regard to Plaintiff's tampering with evidence claim.

### **Excessive Force: Handcuffing Wrists Too Tightly**

On objection, Plaintiff states "[t]his circuit has noted that excessive force claims can be maintained for cuffing an individuals [sic] wrist too tightly." Although Plaintiff had previously alleged the handcuffs were too tight, he did so by way of arguing the officers were indifferent to Plaintiff's medical needs, in violation of Plaintiff's Eighth Amendment rights. Although he does not elaborate on the claim, it seems clear that through his objections, Plaintiff is attempting to establish a constitutional violation stemming from the tightly fastened handcuffs, but in the context of an excessive force claim, rather than a claim of indifference to medical needs.

Plaintiff's single statement is insufficient to demonstrate a constitutional violation by the officers. Plaintiff is correct in noting the Sixth Circuit recognizes a possible excessive force claim for handcuffing an individual's wrists too tightly. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 642 (6th Cir. 2001)(stating "[t]his circuit has held that the right to be free from excessive force, including 'excessively forceful handcuffing,' is a clearly established right for purposes of the qualified immunity analysis.") However, Plaintiff fails to show that he was indeed subjected to excessive force during handcuffing by the officers. In fact, Plaintiff does not address the officers' conduct nor describe the handcuffing experience at all throughout the documents containing his objections. Thus, the officers are entitled to qualified immunity on Plaintiff's excessively forceful handcuffing claim.

### III. CONCLUSION

The Magistrate Judge properly recommended granting summary judgment on the basis of qualified immunity as to all the Defendants except Officer Safran. Since the issue of whether Plaintiff was a threat to the officers at the time of Plaintiff's transfer into the new cell determines whether Officer Safran's use of force was objectively reasonable, summary judgment on the basis of qualified immunity is denied as to Officer Safran only.

Because Plaintiff failed to demonstrate the existence of a constitutional violation regarding his claims of excessive force by Officer Jones in the police station sally port, failure to intervene by the witnessing officers, tampering with evidence, and excessively forceful handcuffing, summary judgment is granted in favor of the remaining Defendants, Officers Jones, Page, Smith, and Schnell.

With regard to Plaintiff's dispositive motion in his own favor, as Plaintiff raised no

objection to the Magistrate Judge's recommendation, Plaintiff's Motion for Summary Judgment is denied.

Therefore, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**IT IS SO ORDERED.**

**DATE: December 19, 2008**

 **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**